**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PACKET INTELLIGENCE LLC, | |
| *Plaintiff,* | CIVIL ACTION NO. 2:18-cv-00382-JRG |
| v. | Jury Trial Demanded |
| NOKIA OF AMERICA CORPORATION, | |
| *Defendant.* | |

**DEFENDANT NOKIA OF AMERICA CORP.'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Nokia of America Corp. ("NoAC") by and through its undersigned counsel, hereby submits its Answer, Affirmative Defenses, and Counterclaims to the Amended Complaint filed by Plaintiff Packet Intelligence LLC ("PI" or "Plaintiff"). NoAC answers and avers as follows, with the numbered paragraphs corresponding to the like-numbered paragraphs of Plaintiff's Amended Complaint. Except as expressly admitted herein, NoAC denies each and every allegation contained in Plaintiff's Amended Complaint. NoAC specifically denies that Plaintiff is entitled to any relief whatsoever from NoAC.

The first paragraph of the Complaint is an introductory paragraph that does not require a response from NoAC.

## I.    THE PARTIES

1.    NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph 1 and therefore denies them.

2.    NoAC admits that it is a corporation organized and existing under the laws of the state of Delaware and has a principal place of business at 600 Mountain Avenue, Murray Hill, New Jersey 07974.  NoAC admits that its registered agent for service of process in Texas is

Prentice Hall Corporation System at 211 E. 7th Street, Suite 620, Austin, Texas 78701.  NoAC denies the remaining allegations of Paragraph 2.

## II.   JURISDICTION AND VENUE

3.      NoAC admits that the Amended Complaint purports to bring a claim for patent infringement arising under the laws of the United States, but denies that Plaintiff has any viable claim thereunder.

4.      NoAC admits that it has business at 601 Data Drive, Plano, Texas 75075. NoAC denies the remaining allegations of Paragraph 4.

5.      NoAC does not contest that venue may lie in this District for the purpose of this action, and admits that it transacts business within this District, but denies it has committed purposeful acts and/or transactions of patent infringement in this District. The remainder of this Paragraph 5 states a legal conclusion to which no response is required.

6.      For the purposes of this action, NoAC does not contest that it is subject to personal jurisdiction in this Court. NoAC denies the remaining allegations of Paragraph 6.

7.      For the purposes of this action, NoAC does not contest that it is subject to personal jurisdiction in this Court and that venue may lie in this District.

## III.   THE PATENTS-IN-SUIT

8.      NoAC admits that the patents-in-suit appear to claim priority to provisional Application No. 60/141,903 which was purportedly filed in the United States Patent and Trademark Office on June 30, 1999. NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9.      NoAC admits that, on its face, Mr. Russell S. Dietz is listed as the first named inventor on four of the five patents-in-suit. NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies them.

10.      NoAC admits that, on its face, U.S. Patent No. 6,651,099 (the "'099 Patent"), is entitled "Method and Apparatus for Monitoring Traffic in a Network" and recites an issue date of November 18, 2003. NoAC admits that documents purporting to transfer the '099 Patent to Plaintiff were recorded on February 1, 2013 at Reel/Frame 029737/0613. NoAC admits that Exhibit A appears to be a copy of the '099 Patent.  NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies them.

11.      NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies them.

12.      NoAC admits that, on its face, U.S. Patent No. 6,665,725 (the "'725 Patent"), is entitled "Processing Protocol Specific Information in Packets Specified by a Protocol Description Language" and recites an issue date of December 16, 2003. NoAC admits that documents purporting to transfer the '725 Patent to Plaintiff were recorded on February 1, 2013 at Reel/Frame 029737/0613. NoAC admits that Exhibit B appears to be a copy of the '725 Patent.  NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies them.

13.      NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

14.      NoAC admits that, on its face, U.S. Patent No. 6,771,646 (the "'646 Patent"), is entitled "Associative Cache Structure for Lookups and Updates of Flow Records in a Network

Monitor" and recites an issue date of August 3, 2004. NoAC admits that documents purporting to transfer the '646 Patent to Plaintiff were recorded on February 1, 2013 at Reel/Frame 029737/0613. NoAC admits that Exhibit C appears to be a copy of the '646 Patent.  NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies them.

15.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies them.

16.     NoAC admits that, on its face, U.S. Patent No. 6,839,751 (the "'751 Patent), is entitled "Re-Using Information from Data Transactions for Maintaining Statistics in Network Monitoring" and recites an issue date of January 4, 2005. NoAC admits that documents purporting to transfer the '751 Patent to Plaintiff were recorded on February 1, 2013 at Reel/Frame 029737/0613. NoAC admits that Exhibit D appears to be a copy of the '751 Patent.  NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies them.

17.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies them.

18.     NoAC admits that, on its face, U.S. Patent No. 6,954,789 (the "'789 Patent"), is entitled "Method and Apparatus for Monitoring Traffic in a Network" and recites an issue date of October 11, 2005. NoAC admits that documents purporting to transfer the '789 Patent to Plaintiff were recorded on February 1, 2013 at Reel/Frame 029737/0613. NoAC admits that Exhibit E appears to be a copy of the '789 Patent.  NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20.     NoAC admits that certain of the patents-in-suit have been asserted in prior actions. NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22. NoAC admits that one of its Senior IPR Licensing / Litigation Counsel received electronic correspondence from Phil Vachon on behalf of Packet Intelligence LLC on or about December 7, 2017 and February 22, 2018.  NoAC denies the remaining allegations of Paragraph 22.

## IV.   <u>BACKGROUND AND FACTS</u>

23.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies them.

24.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies them.

26.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies them.

28.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies them.

29.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies them.

## V.     THE ACCUSED PRODUCTS

30.     NoAC admits that Paragraph 30 identifies the Accused Products.  NoAC denies any remaining allegations of Paragraph 30.

31.     NoAC admits that Paragraph 31 includes an excerpt of Multiservice Integrated Service Adapter Guide Release 15.0.R1.  NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies them.

32.     NoAC admits that Paragraph 32 includes an excerpt of Multiservice Integrated Service Adapter Guide Release 15.0.R1.  NoAC denies the remaining allegations of Paragraph 32.

33.     NoAC admits that Paragraph 33 includes an excerpt of Multiservice Integrated Service Adapter Guide Release 15.0.R1.  NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies them.

34.     NoAC admits that Paragraph 34 includes an excerpt of Multiservice Integrated Service Adapter Guide Release 15.0.R1.  NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies them.

35.     NoAC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies them.

## COUNT I – [ALLEGED] PATENT INFRINGEMENT OF U.S. PATENT NO. 6,651,099

36.     NoAC incorporates by reference its responses to Paragraphs 1 through 35 as if fully repeated and restated herein.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

## COUNT II – [ALLEGED] PATENT INFRINGEMENT OF U.S. PATENT NO. 6,665,725

41.     NoAC incorporates by reference its responses to Paragraphs 1 through 40 as if fully repeated and restated herein.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

## COUNT III – [ALLEGED] PATENT INFRINGEMENT OF U.S. PATENT NO.  6,771,646

46.     NoAC incorporates by reference its responses to Paragraphs 1 through 45 as if fully repeated and restated herein.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

## COUNT IV – [ALLEGED] PATENT INFRINGEMENT OF U.S. PATENT NO. 6,839,751

51.     NoAC incorporates by reference its responses to Paragraphs 1 through 51 as if fully repeated and restated herein.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

## COUNT V – [ALLEGED] PATENT INFRINGEMENT U.S. PATENT NO. 6,954,789

56.     NoAC incorporates by reference its responses to Paragraphs 1 through 55 as if fully repeated and restated herein.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

## VI.     DEMAND FOR JURY TRIAL

61.     NoAC admits that Plaintiff requests a trial by jury on all issues triable of right by a jury. NoAC also requests a trial by jury on all issues so triable.

## VII.     PRAYER FOR RELIEF

NoAC denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief. To the extent that paragraphs A-F under Plaintiff's Prayer for Relief are interpreted to contain any factual allegations, NoAC denies them.

## AFFIRMATIVE DEFENSES

Subject to and without waiver of the foregoing denials, and based upon information and belief to date, NoAC asserts the following affirmative defenses, without shifting the burden of proof on any issue. Regardless of how such defenses are listed herein, NoAC undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. NoAC

reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in the case.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. For example, the allegations of willful infringement and request for a permanent injunction fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

NoAC has not infringed and does not infringe any claim of the '099, '725, '646, '751, and/or '789 Patents (collectively, the "Asserted Patents") literally or under the doctrine of equivalents under any theory (including jointly, directly, contributorily, or by inducement).

## THIRD AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents are invalid for failing to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel and/or prosecution history disclaimer. For example, by reason of the prosecution before the USPTO leading to, concurrently with, and/or following the issuance of the Asserted Patents, and by reason of statements and admissions made by or on behalf of the applicants, and/or because of the language in the specification and/or limitations in the claims of the Asserted Patent, Plaintiff is estopped from claiming infringement by NoAC of one or more of the claims of the Asserted Patents.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law, the balance of hardships does not favor an injunction, and the public interest would not be best served by an injunction.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has licensed the Asserted Patents, NoAC's alleged practice of the Asserted Patents may be covered by license (express or implied), release, and/or exhaustion.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patents against NoAC is barred, in whole or in part, under principles of equity, including without limitation, waiver, equitable estoppel, misconduct, patent misuse, unclean hands, and/or other equitable doctrines.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages and/or costs, if any, are limited by 35 U.S.C. §§ 286-288. To the extent that Plaintiff, predecessors in interest to the Asserted Patents, or licensees failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that NoAC's actions allegedly infringed the Asserted Patents, NoAC is not liable to Plaintiff for the acts alleged to have been performed before NoAC received actual notice that it was allegedly infringing the Asserted Patents.

## NINTH AFFIRMATIVE DEFENSE

NoAC has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from proving that this is an exceptional case justifying a recovery of its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of patent infringement are barred in whole or in part by 28 U.S.C. § 1498 to the extent Plaintiff claims infringement of devices sold to and/or designed for the United States.

## RESERVATION OF RIGHTS

NoAC reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, which may be available now or may become available in the future based on discovery or any other factual investigation in this case.

## COUNTERCLAIMS

Without waiver of any rights, including the right to seek dismissal and/or transfer of this action, NoAC, by and through its undersigned counsel, alleges the following counterclaims against PI in accordance with the Federal Rules of Civil Procedure. NoAC incorporates the foregoing responses and defenses as if fully set forth herein

## THE PARTIES

1.      According to Plaintiff's own allegations, Packet Intelligence LLC is a Texas entity, and has a place of business at 505 East Travis Street Suite 209, Marshall, Texas 75670.

2.      NoAC is a Delaware corporation with a place of business at 600 Mountain Avenue, Murray Hill, New Jersey 07974.

## JURISDICTION AND VENUE

3.      Subject to NoAC's affirmative defenses and denials, this Court has jurisdiction over the subject matter of NoAC's counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2200 and 2202.

4.      PI has consented to the personal jurisdiction of this Court by commencing its action for patent infringement in this judicial district.

5.      Venue for these counterclaims is proper in this judicial district under 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,651,099

6.      NoAC re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 5 above.

7.      An actual case or controversy exists between NoAC and PI as to whether the '099 Patent is infringed by NoAC.

8.      NoAC has not infringed and is not now infringing either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '099 Patent.

9.      NoAC has not induced or contributed and is not now inducing or contributing to the infringement of any valid and enforceable claim of the '099 Patent by others either directly or indirectly, literally or under the doctrine of equivalents.

10.     NoAC has not and is not now willfully nor deliberately infringing any valid and enforceable claim of the '099 Patent.

11.     A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights regarding the '099 Patent.

12.     This is an exceptional case under 35 U.S.C. § 285 because PI filed its Complaint with knowledge of the facts stated in this Counterclaim.

## SECOND COUNTERCLAIM - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,665,725

13.     NoAC re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 12 above.

14.     An actual case or controversy exists between NoAC and PI as to whether the '725 Patent is infringed by NoAC.

15.     NoAC has not infringed and is not now infringing either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '725 Patent.

16.     NoAC has not induced or contributed and is not now inducing or contributing to the infringement of any valid and enforceable claim of the '725 Patent by others either directly or indirectly, literally or under the doctrine of equivalents.

17.     NoAC has not and is not now willfully nor deliberately infringing any valid and enforceable claim of the '725 Patent.

18.     A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights regarding the '725 Patent.

19.     This is an exceptional case under 35 U.S.C. § 285 because PI filed its Complaint with knowledge of the facts stated in this Counterclaim.

## THIRD COUNTERCLAIM - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,771,646

20.     NoAC re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 19 above.

21.     An actual case or controversy exists between NoAC and PI as to whether the '646 Patent is infringed by NoAC.

22.     NoAC has not infringed and is not now infringing either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '646 Patent.

23.     NoAC has not induced or contributed and is not now inducing or contributing to the infringement of any valid and enforceable claim of the '646 Patent by others either directly or indirectly, literally or under the doctrine of equivalents.

24.     NoAC has not and is not now willfully nor deliberately infringing any valid and enforceable claim of the '646 Patent.

25.     A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights regarding the '646 Patent.

26.     This is an exceptional case under 35 U.S.C. § 285 because PI filed its Complaint with knowledge of the facts stated in this Counterclaim.

## FOURTH COUNTERCLAIM - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,839,751

27.     NoAC re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 26 above.

28.     An actual case or controversy exists between NoAC and PI as to whether the '751 Patent is infringed by NoAC.

29.     NoAC has not infringed and is not now infringing either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '751 Patent.

30.     NoAC has not induced or contributed and is not now inducing or contributing to the infringement of any valid and enforceable claim of the '751 Patent by others either directly or indirectly, literally or under the doctrine of equivalents.

31.     NoAC has not and is not now willfully nor deliberately infringing any valid and enforceable claim of the '751 Patent.

32.     A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights regarding the '751 Patent.

33.     This is an exceptional case under 35 U.S.C. § 285 because PI filed its Complaint with knowledge of the facts stated in this Counterclaim.

## FIFTH COUNTERCLAIM - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,954,789

34.     NoAC re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 33 above.

35.     An actual case or controversy exists between NoAC and PI as to whether the '789 Patent is infringed by NoAC.

36.     NoAC has not infringed and is not now infringing either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '789 Patent.

37.     NoAC has not induced or contributed and is not now inducing or contributing to the infringement of any valid and enforceable claim of the '789 Patent by others either directly or indirectly, literally or under the doctrine of equivalents.

38.     NoAC has not and is not now willfully nor deliberately infringing any valid and enforceable claim of the '789 Patent.

39.     A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights regarding the '789 Patent.

40.     This is an exceptional case under 35 U.S.C. § 285 because PI filed its Complaint with knowledge of the facts stated in this Counterclaim.

## SIXTH COUNTERCLAIM - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,651,099

41.     NoAC re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 40 above.

42.     An actual case or controversy exists between NoAC and PI as to whether the '099 Patent is invalid.

43.     Each claim of the '099 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

44.     A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights as to whether the '099 Patent is invalid.

45.     This is an exceptional case under 35 U.S.C. § 285 because PI filed its Complaint with knowledge of the facts stated in this Counterclaim.

### SEVENTH COUNTERCLAIM - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,665,725

46.     NoAC re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 45 above.

47.     An actual case or controversy exists between NoAC and PI as to whether the '725 Patent is invalid.

48.     Each claim of the '725 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

49.     A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights as to whether the '725 Patent is invalid.

50.     This is an exceptional case under 35 U.S.C. § 285 because PI filed its Complaint with knowledge of the facts stated in this Counterclaim.

### EIGHTH COUNTERCLAIM - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,771,646

51.     NoAC re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 50 above.

52.     An actual case or controversy exists between NoAC and PI as to whether the '646 Patent is invalid.

53.     Each claim of the '646 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

54.     A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights as to whether the '646 Patent is invalid.

55.     This is an exceptional case under 35 U.S.C. § 285 because PI filed its Complaint with knowledge of the facts stated in this Counterclaim.

## NINTH COUNTERCLAIM - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,839,751

56.     NoAC re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 55 above.

57.     An actual case or controversy exists between NoAC and PI as to whether the '751 Patent is invalid.

58.     Each claim of the '751 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

59.     A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights as to whether the '751 Patent is invalid.

60.     This is an exceptional case under 35 U.S.C. § 285 because PI filed its Complaint with knowledge of the facts stated in this Counterclaim.

## TENTH COUNTERCLAIM - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,954,789

61.     NoAC re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 60 above.

62.     An actual case or controversy exists between NoAC and PI as to whether the '789 Patent is invalid.

63.     Each claim of the '789 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

64.     A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights as to whether the '789 Patent is invalid.

65.     This is an exceptional case under 35 U.S.C. § 285 because PI filed its Complaint with knowledge of the facts stated in this Counterclaim.

## PRAYER FOR RELIEF

Wherefore, NoAC asks this Court to enter judgment in NoAC's favor and against PI by granting the following relief:

A.      a dismissal of all claims in PI's complaint against NoAC with prejudice and a complete denial of PI's request for a judgment, injunctive relief, damages, royalty, interest, costs, and any other form of relief;

B.      a declaration that NoAC has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '099, '725, '646, '751, and '789 Patents;

C.      a declaration that the '099, '725, '646, '751, and '789 Patents are invalid;

D.      a declaration that this is an exceptional case under 35 U.S.C. § 285, and an award to NoAC of its reasonable costs and expenses of litigation, including attorneys' fees, prejudgment interest thereon, and expert witness fees;

E.      an award of NoAC's reasonable costs and expenses of litigation; and

F.      any such other and further relief as the Court finds just and proper.

Dated: December 12, 2018          By:     /s/ Thomas W. Davison

Deron R. Dacus (TX Bar No. 00790553)
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-7233
Facsimile:  (903) 581-2543
Email: ddacus@dacusfirm.com

Michael J. Newton (TX Bar No. 24003844)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile:  (214) 922-3899
Email: mike.newton@alston.com

M. Scott Stevens (NC Bar No. 37828)
Stephen R. Lareau (NC Bar No. 42992)
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Telephone: 704-444-1000
Facsimile: 704-444-1111
Email: Scott.Stevens@alston.com
Email: Stephen.Lareau@alston.com

Thomas W. Davison (FL Bar No. 55687)
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: (202) 239-3933
Facsimile:  (202) 654-4913
Email: tom.davison@alston.com

Lindsay C. Church (GA Bar No. 651190)
ALSTON & BIRD LLP
1201 W Peachtree Street NE, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777
Email: lindsay.church@alston.com

*Attorneys for Defendant*
*Nokia of America Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on December 12, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Thomas W. Davison*
Thomas W. Davison